UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO CASTRO,

                          Plaintiff

-v-

T&S RESTAURANT LLC, doing business as Gracie's Corner Diner, and ANASTASIO KATSAROS,

                          Defendants.

CIVIL ACTION NO.: 21 Civ. 3136 (SLC)

**SETTLEMENT APPROVAL**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all purposes (ECF No. 13), and have now submitted a joint Letter in support of settlement (ECF No. 16) and Settlement Agreement (ECF No. 16-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). In addition, Plaintiff has expressed serious concerns about collectability given Defendants' "poor financial position (ECF No. 16 at 3), and has agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which

"[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter-motion in support of settlement, the Settlement Agreement, and the accompanying exhibits, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the Settlement Agreement.  The Court will retain jurisdiction to enforce the Settlement Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to mark ECF No. 16 as "granted" and to close this case.

Dated:     New York, New York
           January 14, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**